**Robert S. NICHOLSON,
Plaintiff, Appellant,**

v.

**John J. MORAN, Defendant, Appellee.**

**No. 90–1763.**

United States Court of Appeals,
First Circuit.

Heard Jan. 8, 1992.

Decided April 16, 1992.

Mark W. Freel, with whom the American Civil Liberties Union, Rhode Island Affiliate, c/o Edwards & Angell, was on brief for plaintiff, appellant.

Stephen M. Robinson, Asst. Legal Counsel, Legal Services, Rhode Island Dept. of Corrections, for defendant, appellee.

Before TORRUELLA, Circuit Judge,
ALDRICH and CAMPBELL, Senior Circuit Judges.

TORRUELLA, Circuit Judge.

On or about March 24, 1989, Robert Nicholson, an inmate of the Rhode Island Adult Correctional Institute, filed a *pro se* Complaint against John J. Moran, the Director of the Rhode Island Department of Corrections ("DOC") and other Rhode Island state correctional officials alleging that he was deprived of his constitutional rights in violation of 42 U.S.C. § 1983 and certain provisions of state law. Appellant claimed that (1) the actions of state officials in lodging a false and retaliatory disciplinary report constituted a violation of his First Amendment right to petition government for redress of grievances; (2) the imposition of penalties upon him without substantial evidence to support the charge constitutes a violation of his civil rights under the Fourteenth Amendment and the "Morris Rules"; [1] and (3) the DOC failed to promulgate any rule, regulation or policy designed to protect his First Amendment right to petition government for redress of grievances as required by Rhode Island Law. A motion to dismiss was filed by the State of Rhode Island, pursuant to Fed. R.Civ.P. 12(b)(6), as a result of which appellant's complaint was dismissed for failure to state a claim upon which relief could be granted. In light of recent precedent, we reverse and reinstate appellant's suit.

### FACTS

Appellant alleges that on August 11, 1988, he was assaulted by two correctional staff members of the Rhode Island Adult Correctional Institute. He initiated and pursued internal administrative complaints regarding that assault. The administrative complaints were originally addressed to

---

1. The Morris Rules are a set of rules resulting from a consent decree entered by the United States District Court for the District of Rhode Island. The rules specify, among other things, procedures to be used by the Rhode Island correctional institutions with regard to inmate disciplinary actions. *See Morris v. Travisono,* 499 F.Supp. 149 (1980).

state law enforcement and correctional authorities. The investigation of the administrative complaint was later handled by federal officials, namely the Office of the United States Attorney and the United States Department of Justice. The federal officials subsequently informed appellant by letter that they were dropping the investigation since "the matter [did] not constitute a prosecutable violation of the federal criminal civil rights statutes ..."

On January 17, 1989, appellant was informed by state correctional authorities that he was being charged with an infraction as a result of providing false or fabricated information in connection with the complaint he filed. The false information charge stemmed at least in part from the fact that federal officials concluded that there was insufficient information to prosecute a claim. Appellant was found guilty of the charge and sentenced to thirty days of punitive segregation and a loss of thirty days good-time.

Appellant filed suit in the district court for the District of Rhode Island claiming that the charges brought against him constituted retaliation for filing the administrative complaint which resulted in the investigation. His suit alleges in pertinent part that:

36. The plaintiff's First Amendment right to petition the government for redress of grievances was violated when a) The defendants imposed disciplinary action upon the plaintiff, for giving information to the federal authorities about an assault that took place upon his person.
b) The defendants found him guilty at the disciplinary board for giving false information to the Associate Director (defendant Brule).
c) The defendants arbitrarily and capriciously conspired against the plaintiff in imposing disciplinary action.

. . . . .

37. The actions of the defendants, as stated ... denied plaintiff the right to Due Process, in violation of the Fourteenth Amendment to the United States Constitution.

38. The plaintiff's Fourteenth Amendment right to Due Process was violated when
a) The defendants imposed retaliatory disciplinary action against the plaintiff, for notifying the federal authorities of an assault upon his person. b) The defendants found the plaintiff guilty of the infraction, without substantial evidence, as required under the Morris vs. Travisono [sic] Rules of Discipline and Classification. See *Morris vs. Travisono* 499 F.Supp. 149, 170 ([D.C.R.I.] 1980) [sic]
c) The defendants infringed upon the plaintiff's right to petition the government for redress of grievances.

. . . . .

39. The action of defendants ... violated state law.
40. The defendants failed to promulgate any rule, regulation or policy to protect the plaintiff's right to petition the government for redress of grievances, as required under state law (R.I.G.L. 42–56–10(v)) [sic].

The complaint goes on, petitioning for declaratory relief, compensatory damages, restoration of appellant's good time, punitive damages and "any other relief that [appellant] might be entitled to."

Pursuant to a motion filed by the state and relying on the decision of *Hechavarria v. Quick*, 670 F.Supp. 456 (D.R.I.1987), the district court dismissed Nicholson's suit. According to the district court an inmate such as Nicholson does not have a liberty interest in a particular "classification" directly under the due process clause of the Fourteenth Amendment and is therefore barred from raising a claim under the Morris Rules absent a showing that the state has established such a classification. The district court explained in dismissing Nicholson's suit, "there is no constitutional right of yours that's involved in the case and, therefore, you have no case." (Tr. at 10) We reverse.

## STANDARD OF REVIEW

Since this is an appeal from a dismissal pursuant to Rule 12(b)(6), in looking at the

complaint "we take as true all its fact-bound allegations and draw every reasonable inference in favor of the pleader." *Rodi v. Ventetuolo*, 941 F.2d 22, 23 (1st Cir.1991) (citations omitted). Our inquiry is limited to the allegations of the complaint and "only if the complaint, so viewed, presents no set of facts justifying recovery [may we] affirm the dismissal." *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir.1989) (citations omitted).

## DISCUSSION

We call attention at the outset to the district court's erroneous reliance on *Hechavarria*. The district court was no doubt correct that, as construed in *Hechavarria*, the Morris Rules provided inmates with no federal constitutional right or liberty interest in a particular classification which would entitle them to raise a section 1983 claim under the due process clause of the Fourteenth Amendment. *Hechavarria*, 670 F.Supp. at 458. However, *Hechavarria* was vacated via an unpublished *per curiam* disposition on October 4, 1988, more than 18 months before the filing of this suit. The district court's failure to note that *Hechavarria* was vacated is understandable because for some unexplained reason the *per curiam* disposition does not appear in the summary tables of the Federal Reporter, and *Rodi* was not decided until after the dismissal of this case. *Rodi*, 941 F.2d at 25 n. 3.

In any event, as this Court held in *Rodi*, an inmate, by way of the Morris Rules, does have a state created liberty interest under the due process clause of the Fourteenth Amendment in remaining in the general prison population. *Id.* at 25–26.

We need go no further. In light of the limited scope of review accorded from the granting of a Rule 12(b)(6) motion, we reverse. On its face, Nicholson's complaint clearly alleges a due process violation, which even without the liberal interpreta-

tion given to *pro se* complainants, is cognizable under section 1983.

Furthermore, Nicholson raised two other claims which were not addressed by the district court; the First Amendment claim denying him the right to petition government for redress of grievances and the state law claim for failure to promulgate rules to protect that First Amendment right to petition government.[2] As these claims were never addressed or dismissed by the district court, Nicholson's suit must be reinstated.

The decision of the district court is *reversed and the case remanded for further proceedings.*

---

**2.** We recognize that the district court may decline to exercise pendent jurisdiction over the state law claim, however up to this point the state law claim has not been properly addressed.